## Case No. 14,861.

### UNITED STATES v. COOPER.

### [4 Dall. 341.]

### Circuit Court, D. Pennsylvania. 1800.

WITNESSES—PRIVILEGE—MEMBERS OF CONGRESS.

[Members of congress are not exempt from compulsory process to require their attendance as witnesses in behalf of one charged with crime.]

The defendant, being indicted for a libel on the president [see Case No. 14,865] applied to the court, for a letter to be addressed by them to several members of congress (congress being in session), requesting their attendance as witnesses on his behalf. In support of the application a variety of similar cases arising under the government of Pennsylvania were referred to.

Before CHASE, Circuit Justice, and PETERS, District Judge.

CHASE, Circuit Justice. The constitution gives to every man, charged with an offence, the benefit of compulsory process, to secure the attendance of his witnesses. I do not know of any privilege to exempt members of congress from the service, or the obligations, of a subpoena, in such cases. I will not sign any letter of the kind proposed. If, upon service of a subpoena, the members of congress do not attend, a different question may arise; and it will then be time enough to decide, whether an attachment ought, or ought not, to issue. It is not a necessary consequence of non-attendance, after the service of a subpoena, that an attachment shall issue. A satisfactory reason may appear to the court to justify or excuse it.

PETERS, District Judge. I know the practice in Pennsylvania to be as it has been stated; for I have received such letters, from the supreme court, while I was speaker of the house of representatives, requesting that members might be permitted to attend as witnesses. In the present case, I should have no objection to acquiesce in the defendant's application, with the concurrence of the presiding judge. Motion refused.

## Case No. 14,862.

### UNITED STATES v. COOPER.

### [Hoff. Land Cas. 101.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT—VALIDITY OF CLAIM —LOCATION.

No objections made to the confirmation of this claim.

Claim [by John B. R. Cooper] for four leagues of land in Sonoma county [the Rancho El Molino], confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty.
Halleck, Peachy & Billings, for appellee.

HOFFMAN, District Judge. The claimant in this case, a naturalized Mexican citizen, obtained in December, 1833, a grant from the governor for the place called Rio Ojotska. This grant was approved by the departmental assembly, and a certificate of its confirmation delivered to the grantee, as appears from the testimony, and the expediente filed in this case. He subsequently applied to the governor for an exchange of the land granted for that now claimed by him. Proceedings on this application were commenced by Governor Figueroa, and the new grant was made, as desired by the petitioner, by Governor Gutierrez on the twenty-fourth of February, 1836. These facts are proved by the testimony of Hartnell and Vallejo, whose evidence is corroborated by the expediente on file in the archives. The genuineness of the grants is fully established. Previously to obtaining the last grant, the claimant had gone into possession of the tract solicited, and had built a house upon it. He also had, as early as 1834, placed a considerable number of cattle upon it, and had commenced the erection of a mill, upon which he expended more than $10,000. He also erected a blacksmith shop, and for two years had employed upon his rancho men to the average number of sixteen, and sometimes thirty or forty Indians. It is clear that the grantee fulfilled the conditions and carried out the objects of the colonization laws to an extent very unusual in the then condition of the country.

With regard to the location of the land, it appears from the testimony of O'Farrell and other witnesses, who are acquainted with the adjacent country, that there is no difficulty in ascertaining its locality by means of the diseño which accompanies the grant. O'Farrell, who had long been a surveyor under the Mexicans, testifies that he has, by means of the grant and the diseño, made a survey of the land, and that it contains, as surveyed by him, only the quantity specified in the grant.

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

This claim was held to be valid by the board. No objections to it are suggested on the part of the United States, and we are of opinion that the decision of the board should be affirmed.